## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>CEDRIC WILLIAMS,<br><br>Debtor. | Bankruptcy Case No. 25-13963 TBM<br>Chapter 13 |

### ORDER AND NOTICE OF NON-EVIDENTIARY HEARING

**IT IS HEREBY ORDERED** that the Court will hold a non-evidentiary hearing on a trailing docket on the "Chapter 13 Trustee's Motion to Dismiss" filed by Douglas B. Kiel, Chapter 13 Trustee (the "Trustee") and the Objection thereto filed by Cedric Williams (the "Debtor") (Docket Nos. 17 and 23, the "Contested Matter") on **Wednesday, September 17, 2025, at 10:00 a.m.**, in Courtroom E, United States Bankruptcy Court, U.S. Custom House, 721 19th Street, Denver, Colorado 80202. _Counsel and/or parties may appear either in person or by telephone_.

**NOTICE IS HEREBY GIVEN** that if counsel and/or parties elect to participate by telephone, all telephonic participants shall call the Court at: 1-833-568-8864 or 1-833-435-1820 _at least five (5) minutes prior_ to the time of the scheduled hearing. Enter the Meeting ID: 160 248 1883, press # when prompted to enter participant ID. The Court strongly recommends use of a land line if appearing by phone. Please stay on the line until the Court operator takes the roll call and the hearing begins. The Court will not contact parties by telephone. If a party has not called in to the conference line or is not present in Court, it will be deemed a failure to appear. Failure to connect to the conference call line in a timely manner may preclude your participation in the hearing. In the event you are otherwise unable to connect after following the instructions provided above, please call the Court at 720-904-7300 for assistance. It is

**FURTHER ORDERED** that counsel for the Trustee shall confer either in-person or by phone with counsel for the Debtor by no later than **September 8, 2025**, to discuss the Contested Matter and the possibility of consensual settlement or resolution of the matter. If a settlement or resolution of the motion is achieved, the parties shall promptly advise the Court and file an appropriate motion to vacate the hearing. If no settlement or resolution is achieved, the parties shall be prepared at the hearing to confirm that they complied with the meet and confer requirement.

**NOTICE IS FURTHER GIVEN** that at the time of the hearing, the Parties shall be prepared to discuss the status and schedule of the case, present any legal issues related to the Contested Matter, and advise the Court whether any factual issues require resolution through an evidentiary hearing. If an evidentiary hearing is required, the parties shall be prepared to advise the Court regarding the timing of such hearing, discovery needed and time required to conduct such discovery, the amount of time required for an evidentiary hearing, and the number of witnesses they anticipate they will need to call. If it is necessary to receive evidence to resolve the matter, the

scheduled hearing may be used as a scheduling conference and the matter will be reset to a later date.  Counsel/parties *shall bring their calendars* and be prepared to schedule any further hearing as required.  It is

**FURTHER ORDERED** that on or before **September 11, 2025**, counsel for the Trustee and for the Debtor shall prepare and file a Joint Status Report identifying any remaining legal and/or factual issues to be considered by the Court.  **If a party makes a good-faith effort to confer, but is unable to do so, that party should file its own report.  Failure of either party to confer and/or file a report could result in the imposition of an appropriate sanction.**

DATED this 28th day of August, 2025.

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge